[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiff, Structures Inc., (Structures) seeks damages based on a claim of promissory estoppel.
By way of a third party claim, defendant, the State Street Mortgage Company (State Street), seeks money damages, attorney's fees, indemnification and other equitable relief against third party defendants, William J. Butler and Shirley J. Butler (Butler).
Third party defendants have been defaulted.
Judgment should enter for Structures on the complaint and judgment should enter for State Street on the third party complaint against Butler.
Upon the evidence the court finds the facts stated herein.
On August 4, 1988, Structures contracted with Butler to erect a Poloron modular home on land owned by Butler for $88,979.00; said contract was amended on August 8, 1988 to include additional work for a total price of $89,054.00.
Upon signing the contract, Butler paid the agreed deposit of $8,897.00.
Pursuant to the terms of the contract, $79,656.10 was to be paid by Butler upon the house being set on the foundation.
At some time prior to September 9, 1988, State Street agreed with Butler to provide, and it did provide, Butler with a construction mortgage to finance the construction of said modular home.
On or about September 9, 1988, the house was set on the foundation; Structures and Butler were then in a dispute relating to their contract.
On September 16, 1988, Structures claimed that Butler was in default for failure to pay approximately $27,906.10 which was then due and payable. As a result of said non-payment, Structures stopped work. CT Page 5814
State Street sent to Structures a letter dated September 29, 1988, in which it confirmed that it held "sufficient funds to be drawn against to satisfy the balance of $27,906.10 owed by [Butler to Structures]" and that payment "will be made as follows:
1. $17,500.00 payable 9/28/88
2. Balance payable upon completion by [Structures] C.O."
Structures refused to resume work until State Street agreed that final payment would be by a check from State Street payable to both Butler and Structures.
State Street agreed to said demand by Structures in order to induce Structures to resume work; and State Street reasonably expected its promises to induce Structures to resume work. On September 30, 1988, State Street rewrote its letter of September 29, 1988 with the addition of the following language:
"3. Final payment will be a check payable to both [Butler] and [Structures]."
In reasonable reliance on the promises of State Street in said letter of September 30, 1988, Structures resumed work under the contract.
In December 8, 1988, State Street issued to Butler two checks, which constituted final payment, in the total amount of $21,750.00; Structures was not a named payee on either of said checks.
Butler negotiated said checks and Butler did not pay the balance due Structures.
All work under the contract is complete and a "C.O." has been issued.
Disputes between Butler and Structures were submitted to arbitration in accordance with their contract. On July 24, 1989, the arbitrator awarded to Structures $9,482.19 which is the "total balance due as of December 20, 1988" plus interest of $561.14.
On September 11, 1989, a judgment was entered in Docket No. 284301 confirming the arbitration award in the amount of $11,443.43 plus costs of $226.00. Structures has not collected any portion of said judgment.
"(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promissee or a third person and which does induce such action or forbearance is CT Page 5815 binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." Restatement, Contracts, Second; D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213.
Applying said principle to the facts of this case, this court finds that Structures has proved the allegations of its complaint and that judgment should enter for Structures, against State Street, in the principal amount of $9,482.19 plus interest.
State Street breached its promise by its failure to include Structures as a payee on its final payment checks to Butler; as a result of said breach by State Street, Structures was not paid by Butler the total balance due for the work it performed under the contract, i.e. $9,482.19. In order to avoid injustice, State Street should pay said sum, plus interest, to Structures.
Accordingly, judgment is hereby rendered for Structures, Inc. against The State Street Mortgage Company on the complaint in the amount of $9,482.19 plus statutory interest, from December 20, 1988; and, further, judgment is hereby entered in favor of The State Street Mortgage Company against William J. Butler and Shirley J. Butler on the third party complaint hereby ordering said third party defendants to reimburse said third party plaintiff for all sums paid by it in satisfaction of said judgment herein entered on the complaint.
RONALD J. FRACASSE, Judge.